## The People v. Charles W. McAllister.

*Obtaining goods on false pretenses—Mechanic's liens.*

An information for obtaining goods under false pretences, was not sustained where the pretence charged was that respondent owned a house and lot in a certain locality and was building an addition to the house and wished to buy the articles for use in the building, while the proofs did not show how the pretence operated as a fraud or what good the fact would have done the complaining witness, or that respondent had been given to understand that the question asked him about his building was put for the purpose of learning whether it was safe to trust him.

There can be no conviction under the statute against obtaining goods by false pretences unless respondent knows or has reason to believe that his representations are relied on as the grounds of credit.

A mechanic's lien in favor of the vendor of goods cannot be predicated merely on the purchaser's statement that he has a house and is building an addition to it and wants the goods for that purpose.

Error to Kalamazoo.    Submitted June 20.    Decided June 21.

Information for obtaining goods by false pretenses.    Respondent brings error.    Reversed; respondent discharged.

Attorney-General *Jacob J. Van Riper* for the People. False pretenses may sustain conviction even though common prudence would have protected the party imposed on: Whart. Crimes, § 2130; *Reg. v. Woolley* 1 Den. C. C. 559; *Reg. v. English* 12 Cox C. C. 171; *Com. v. Henry* 10 Penn. St. 256.

*Hampden Kelsey* for respondent.

Campbell, J.    Respondent was convicted of obtaining of the firm of Prindle & Larned of Kalamazoo, by false pretenses, a bill of hardware amounting to seven dollars and one cent, and sentenced to three years' imprisonment.    The false pretence charged was that he owned a house and lot on Portage street, near the gas works in Kalamazoo, and was building an addition to the house, and wished to buy the articles for use in such building.

The information does not show, and the testimony throws no more light, how this pretence operated as a fraud, or what good the truth of the statement said to have been made, would have done the complaining witnesses. It was entirely compatible with the averment that respondent may have owned other property, or that the house might be a homestead, and in no way subject to legal process, or encumbered to its value. It does not appear that respondent was given to understand that the question asked him about his building was put for the purpose of ascertaining whether it was safe to trust him. He made no representations at all when he asked for credit for this small bill until an inquiry was made, and the only question asked him was the single one whether he was building. This contained no intimation that he was expected to give information concerning the ownership or value of property, or that his credit would depend upon his answer. There can be no offence under the statute unless the party knows or has reason to believe that his representations are relied on as the grounds of credit. And there is nothing in the testimony indicating this; neither does the information point out how any fraud could result from such statements standing alone and unexplained.

On the trial the claim was that the seller of the goods expected to have a mechanic's lien. But he asked and he obtained no information whatever that had any tendency to show that such a lien would arise, or would be of any value. While we need not refer to it to make out error, it appears very distinctly that respondent had just such property as he claimed to have, and there is nothing to indicate that the trifling difference in location made or could have made any difference in the honesty of the transaction. The court erred in admitting any testimony under the information and in allowing any conviction. There was nothing which had any legal force to prove the crime alleged.

The judgment must be reversed and the prisoner discharged from prison.

The other Justices concurred.